**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Tarl Speakman,

Plaintiff,

v.

City of Glendale, et al.,

Defendant.

No. CV-26-06357-PHX-MTL

**ORDER**

Plaintiff initiated this case in Arizona Superior Court. Defendant removed it to this Court because Plaintiff asserts a claim arising from the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Defendants move to dismiss for insufficient service of process and failure to state a claim. Fed. R. Civ. P. 12(b)(5), (6).

Defendants aver that the complaint was not properly served on any jural entity because it was sent by certified mail, rather than served in a manner permitted under Rule 4.1 of the Arizona Rules of Civil Procedure. (Doc. 4 at 4.) Defendants are correct that a complaint and summons cannot be served via certified mail, absent a court order permitting alternative service of process. *See* Ariz. R. Civ. P. 4.1; *see* also *id.* 4.1(h) (serving a government entity); *id.* 4.1(k) (standards for obtaining alternative service of process).

Even if the Complaint was properly served, it must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. A motion to dismiss for failure to state a claim "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal

theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation modified). To survive a motion to dismiss, a complaint must allege sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). Plaintiff has not done so here.

The City of Glendale Prosecutor's Office, the only named defendant, is a non-jural entity. This means that it cannot sue or be sued in its own name. *See Seawright v. Arizona*, No. CV-11-01304, 2012 WL 2191709, at *3 (D. Ariz. June 13, 2012). The complaint must be dismissed on this basis alone.

But even if Plaintiff names the correct entity, his claim fails as a matter of law. Plaintiff alleges that he filed motions to correct a police report. This claim is not cognizable under the Fourteenth Amendment. As Defendant observes, "[t]here is no constitutional right to a correct police report." *Flores v. City of Lakewood*, No. 3:15-CV-05013-BHS-JRC, 2015 WL 13914625, at *6 (W.D. Wash. Oct. 16, 2015), *report and recommendation adopted*, No. C15-5013-BHS-JRC, 2015 WL 8328453 (W.D. Wash. Dec. 9, 2015). For this additional reason, the Court finds that the complaint must be dismissed.

The Court further finds, based on the well-pleaded complaint allegations, that amendment cannot cure these deficiencies. Plaintiff cannot assert a Due Process claim for a city's failure to respond to motions to correct an inaccurate police report. Thus, amendment would be futile and only serve to prejudice Defendant—a public entity with limited taxpayer funds—and burden the Court's own limited resources.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 4) is **GRANTED**. This matter is dismissed with prejudice.

**IT IS FURTHER ORDERED** that all pending motions are denied as moot.

. . . .

. . . .

. . . .

. . . .

**IT IS FINALLY ORDERED** that the Clerk of Court must enter a judgment of dismissal and close this case.

Dated this 29th day of September, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge